

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GLENN C. VINYARD JR., | § | |
| | | No. 08-19-00169-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 142nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Midland County, Texas |
| | § | |
| Appellee. | | (TC# CR50477) |
| | § | |

**MEMORANDUM OPINION**

Appellant openly pleaded guilty to second-degree-felony online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021(c), (f) (defining the second-degree-felony offense of online solicitation of a minor); *see also* TEX. PENAL CODE ANN. § 12.33(a), (b) (providing that second-degree felonies are punishable by any term of confinement not more than 20 years or less than 2 years and by a fine not to exceed $10,000). At the conclusion of the sentencing portion of a unified hearing at which Appellant and several State's witnesses testified, the trial court found Appellant guilty and sentenced him to 11-years' confinement. Thereafter, on April 15, 2019, it rendered a Judgment of Conviction imposing a sentence of confinement of 11-years, a fine of $0, and ordered "that the State of Texas Do have and recover of and from the said defendant all costs in this

proceeding incurred for which let execution issue," among other terms. On June 13, 2019, the District Clerk of Midland County filed an Amended Bill of Costs imposing $2,411.50 of total cost of cause. Following our review, we will modify the judgment of conviction to clarify that (1) the court reporter's record fee in the amended bill of cost cannot be enforced against Appellant due to indigency and (2) the time payment fee of $25.00 may be constitutionally enforced only up to the amount of $2.50. With these modifications, the judgment of the trial court is affirmed.[1]

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex. Crim. App. 2014) (setting forth duties of counsel). Counsel also provided Appellant with a motion for *pro se* access to the appellate record. Appellant has not filed a *pro se* brief.

However, appellate counsel pointed out in his *Anders* brief that "[a]s a procedural matter,

---

[1] We hear this case on transfer from the Eleventh Court of Appeals in Eastland. *See* TEX. R. APP. P. 41.3.

the assessment of costs to Appellant for the preparation of the Reporter's Record in this matter should be reversed, as Appellant is Indigent." In the trial court's judgment, the court ordered that all costs incurred in the proceeding be recovered from Appellant, and in the second amended bill of cost, a court reporter's record fee of $2,111.50 was assessed against Appellant. But before the bill of cost was filed, the trial court entered an order appointing appellate counsel expressly on the basis that "Defendant is without sufficient financial means to employ an attorney to represent him . . . ."

A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Thus, the trial court's determination that Appellant was indigent at the time the court appointed appellate counsel continued to remain in effect, and the subsequent assessment of a court reporter's record fee against Appellant was erroneous here. *See Hutson v. State*, No. 11-19-00037-CR, 2019 WL 4316864, at *3 (Tex. App. – Eastland Sep. 12, 2019, pet. filed) (mem. op., not designated for publication) ("Because the trial court determined that Appellant was indigent near the time of her conviction and because nothing in the record from Appellant's trial demonstrated that she was able to pay all or part of her attorney's fees, the trial court erred by ordering the repayment of those attorney's fees."); *see also Mayer v. State*, 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010) (upholding the Court of Appeals' determination that the trial court improperly ordered reimbursement of fees against the indigent Appellant and holding that remand on the issue of the Appellant's ability to pay was unnecessary where: (1) the trial court appointed Appellant counsel at trial and on appeal; and (2) there was no indication that the State was precluded from presenting evidence and being

3

heard on the matter of Appellant's ability to pay).

Although this matter regarding Appellant's ability to pay the reporter's record fee reaches us through the vehicle of a motion to withdraw and an *Anders* brief in support thereof, we find it appropriate here to address the issue in light of similar resolutions by our sister courts. *See Hutson*, 2019 WL 4316864, at *3 (where the Eleventh Court of Appeals ultimately granted appellate counsel's motion to withdraw but, in order to rectify the improper assessment of fees, modified the judgment of the trial court by deleting various fees assessed against the indigent Appellant); *Bone v. State*, No. 02-15-00452-CR, 2016 WL 7240603, at *1-2 (Tex. App. – Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (granting appellate counsel's motion to withdraw but, in light of counsel's request to correct a judgment by deleting a fine, modifying the judgment and bill of costs to rectify improperly assessed fines and fees). Therefore, we find that this portion of the bill of costs cannot be enforced against Appellant under these circumstances, and we will modify the trial court's judgment accordingly.

Additionally, in reviewing the bill of costs, we observe that the District Clerk has assessed a $25 time payment fee. The Eastland Court of Appeals has held that this fee may only be constitutionally enforced up to $2.50. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5 (Tex.App. – Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). As such, in accordance with *King*, we will modify the judgment to clarify that this specific fee may only be enforced against Appellant up to the amount of $2.50.

**CONCLUSION**

We modify the trial court's judgment to include the following language:

"Court costs recoverable from Defendant under the terms of this judgment shall not include

costs for the preparation of the reporter's record, since Defendant was indigent at or near the time of conviction. Furthermore, per the Eastland Court of Appeals' decision in *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at \*5 (Tex.App. – Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication), any time payment fee may only be constitutionally enforced against Defendant up to the amount of $2.50, absent any further decision from the Texas Court of Criminal Appeals to the contrary."

With the judgment so modified, we grant counsel's motion to withdraw in accordance with *Anders v. California* and affirm the trial court's judgment.

GINA M. PALAFOX, Justice

August 27, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

5